IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>for the use of **LIGHTING RETROFIT INTERNATIONAL, LLC,**<br>750 Maryland Rt. 3 South, Suite 19<br>Gambrills, Maryland 21054<br><br>    Plaintiff,<br><br>v.<br><br>**CONSTELLATION NEWENERGY, INC.**<br>1310 Point Street, 8th Floor<br>Baltimore, Maryland 21231<br><br>Serve:  Corporate Creations<br>            Network, Inc.<br>            2 Wisconsin Circle, #700<br>            Chevy Chase, MD 20815<br><br>**LIBERTY MUTUAL INSURANCE COMPANY**<br>175 Berkeley Street<br>Boston, Massachusetts 02116<br><br>Serve:  Maryland Insurance Administration<br>            200 St. Paul Place, Suite 2700<br>            Baltimore, MD 21202<br><br>    **Defendants.** | Case No.: _____ |

## COMPLAINT

The Plaintiff, the United States of America, for the use of Lighting Retrofit International, LLC ("LRI"), by and through its attorneys, John P. Lynch, Matthew G. Sawyer, and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., hereby sues the Defendants, Constellation NewEnergy, Inc. and Liberty Mutual Insurance Company, and in support thereof, states the following:

## PARTIES AND JURISDICTION

1. The Plaintiff, LRI, is a Delaware limited liability company engaged in the business of supplying and installing electrical and plumbing components for commercial construction projects. LRI regularly conducts business throughout several states and in the State of Maryland and is registered and licensed to do so.

2. The Defendant, Constellation NewEnergy, Inc. ("Constellation") is a Delaware corporation that lists its principal office as 1310 Point Street, 8th Floor, Baltimore, Maryland 21231. Constellation is registered to conduct business in the State of Maryland. Constellation is primarily engaged in the business of acting as a general contractor to commercial and government construction projects.

3. The Defendant, Liberty Mutual Insurance Company ("Surety") is a foreign corporation, which, upon information and belief, is registered to –and regularly does– conduct business in the State of Maryland, but does not list a registered agent with the State of Maryland. Surety lists its principal office as 175 Berkeley Street, Boston, Massachusetts 02116.

4. Pursuant to the agreement between the LRI and Constellation, both parties have consented to jurisdiction of this Court. A copy of the Blanket Subcontract for Energy Projects and Services ("Blanket Subcontract") agreement between the parties is attached hereto and incorporated herein as **Exhibit A**.

5. Additionally, under 28 U.S.C. § 1331, this Court has jurisdiction as the claim involves a question of Federal law.

6. Venue is proper in this Court pursuant to 40 U.S.C. § 3133(b)(3) and the Blanket Subcontract which specifically confers venue in this Court.[1]

---

[1] The pertinent section provides the following: "14.0 Governing Law. This Subcontract shall be governed by Maryland law, without respect to any conflicts of law principles. The parties consent to the exclusive venue and

2

## FACTS

7. LRI and Constellation NewEnergy, Inc. ("Constellation") entered into a general, Blanket Subcontract dated December 9, 2014, wherein Constellation agreed to be a general contractor to LRI as its subcontractor. The Blanket Subcontract covered the general terms and conditions of the relationship between LRI and Constellation.

8. Afterward and on or around February 26 and March 24, 2015, the parties entered into a scope of work agreement ("Scope of Work") for the provision and installation of various lighting and plumbing components on a project known as Federal Correctional Complex in Coleman, Florida (the "Project") for the U.S. Bureau of Prisons. A copy of the Scope of Work agreement between the parties is attached hereto and incorporated herein as **Exhibit B**.

9. The Scope of Work detailed the required specifications for the work LRI was directed to perform. *See* Exh. B.

10. Pursuant to the terms of the Blanket Subcontract, the contract documents were to be interpreted as governing in the following order: (1) Subcontract Change Orders; (2) the Scope of Work; (3) the Blanket Subcontract. *See* Exh. A at § 25.0.

11. LRI commenced work on the Project in May 2015.

12. LRI performed as agreed and directed.

13. Substantial completion was achieved on or about August 5, 2016.

14. LRI's last day of work on the Project was March 29, 2019.

15. LRI is one hundred percent (100%) complete with its original scope of work on the Project, and has continued to perform additional work at Constellation's direction in a good faith effort to bring the project to a close.

---

jurisdiction in the courts located in Baltimore, Maryland for any claim arising hereunder unless the dispute involves the Customer as a party and the Contract Documents provide for a different venue.

16.  In spite of LRI's efforts, Constellation still refuses to fully pay the remaining balance on the work and even refuses to pay Retainage that is indisputably owed to LRI. Additionally, Constellation owes LRI for change order work and as well as an equitable adjustment to the Subcontract for work undertaken in good faith by LRI for certain problems well outside of LRI's scope of work.

17.  The total Subcontract value was $12,545,349.52.

18.  The total paid to date to LRI is $11,870,007.31, leaving a balance owed of $675,342.21.

19.  This outstanding balance is broken down as follows: The balance of the Subcontract value is: $76,031.79 (of this total, $55,652.45 will be credited back through Deductive Change Order Request #04), plus the balance of $599,310.52 for Retainage owed. The total value of the outstanding Change Orders is $1,547,360.96, leaving $2,222,703.27 as the total amount due to LRI. A chart showing this breakdown, along with supporting documents, is attached for your reference as **Exhibit C**.

20.  LRI's work was secured by a payment bond, Payment Bond No. 019049594 (the "Payment Bond"), which lists Constellation as principal and provides for Surety's obligation of "the protection of persons supplying labor and material" to the Project. A copy of the Bond is attached hereto and incorporated herein as **Exhibit D**.

21.  On July 31, 2019, LRI provided notice on the Payment Bond pursuant to the Miller Act. The notice was received by Surety on August 9, 2019. Copies of the Bond Notice, its attachments and return receipt cards are attached hereto and incorporated herein as **Exhibit E**.

22.  Despite notice, despite the obligations in the Payment Bond, and despite Constellation admitting it owed payment to LRI, $2,222,703.27 still remains due and owing LRI.

23.  LRI's last day of work was March 29, 2019.

## Count I
### 40 U.S.C. 3131, *et seq.*, the "Miller Act"

24. LRI incorporates and realleges the foregoing paragraphs as though set forth fully herein, and further alleges the following:

25. Upon information and belief, the prime contract between Constellation and the owner of the Project required payment security in the form of the Payment Bond.

26. Surety executed the Payment Bond to ensure payment to all subcontractors such as LRI. *See* Exh. D.

27. Pursuant to the terms of the Miller Act and the Payment Bond, LRI provided Notice to Surety and Moxy and the general contractor, Constellation, of LRI's claim for payment. *See* Exh. E.

28. LRI's last day of work on the Project was March 29, 2019 and it has been more than 90 days since LRI last performed work under the Subcontract.

29. Despite performing as agreed, LRI has not been paid in full.

30. Despite performing as agreed and fulfilling all of the conditions for payment, Surety has refused to remit full payment to LRI.

31. Pursuant to the Miller Act, LRI now sues on the Payment Bond.

WHEREFORE, the Plaintiff, Lighting Retrofit International, LLC, requests that this Honorable Court

a. Enter judgment against Surety and in favor of LRI, in the amount of $2,222,703.27 plus prejudgment interest, costs and reasonable attorneys' fees; and,

b. Enter such other and further relief as is necessary and proper.

## Count II
### Breach of Contract

32. LRI incorporates and realleges the foregoing paragraphs as though set forth fully herein, and further alleges the following:

33. Despite performing as agreed, LRI has not been paid in full.

34. Constellation's failure to remit payment as agreed is a material breach of the agreements between the parties.

WHEREFORE, the Plaintiff, Lighting Retrofit International, LLC, requests that this Honorable Court

a. Enter judgment against Constellation and in favor of LRI, in the amount of $2,222,703.27 plus prejudgment interest, costs and reasonable attorneys' fees; and,

b. Enter such other and further relief as is necessary and proper.

## Count III
### 31 U.S.C. 3901, *et seq.*, the "Prompt Payment Act"

35. LRI incorporates and realleges the foregoing paragraphs as though set forth fully herein, and further alleges the following:

36. LRI has performed as agreed.

37. The agreements between the parties are subject to the Prompt Payment Act.

38. LRI has timely submitted good and proper invoices for the work it provided.

39. Despite performing as agreed, LRI has not been paid in full.

40. Constellation's failure to remit payment as agreed is a material breach of the agreements between the parties.

41. LRI is entitled to interest payment pursuant to the Prompt Payment Act.

WHEREFORE, the Plaintiff, Lighting Retrofit International, LLC, requests that this Honorable Court

a.  Enter judgment against Constellation and in favor of LRI, in the amount of $2,222,703.27 plus interest pursuant to the Prompt Payment Act, costs and reasonable attorneys' fees; and,

b.  Enter such other and further relief as is necessary and proper.

## Count IV
## Quantum Meruit

42.  LRI incorporates and realleges the foregoing paragraphs as though set forth fully herein, and alternatively alleges the following:

43.  LRI's performance of services conferred a substantial and material benefit to Constellation for which LRI has not received full compensation.

44.  Constellation accepted LRI's services and directed the same.

45.  LRI's services were provided under such circumstances that reasonably notified Constellation that LRI expected to be compensated for its performance.

46.  Despite LRI's performance, Constellation has not compensated LRI in full.

WHEREFORE, the Plaintiff, Lighting Retrofit International, LLC, requests that this Honorable Court

a.  Enter judgment against Constellation and in favor of LRI, in the amount of $2,222,703.27 plus prejudgment interest, costs and reasonable attorneys' fees; and,

b.  Enter such other and further relief as is necessary and proper.

## Count V
## Unjust Enrichment

47.  LRI incorporates and realleges the foregoing paragraphs as though set forth fully herein, and alternatively alleges the following:

48.  LRI performed valuable services for Constellation.

7

49. LRI's performance of services conferred a substantial and material benefit to Constellation for which LRI has not received full compensation.

50. Constellation was aware of and accepted the benefit of LRI's services and directed the same.

51. Constellation's acceptance and retention of the benefit of LRI's performance without payment of the value of the same is inequitable.

WHEREFORE, the Plaintiff, Lighting Retrofit International, LLC, requests that this Honorable Court

a. Enter judgment against Constellation and in favor of LRI, in the amount of $2,222,703.27 plus prejudgment interest, costs and reasonable attorneys' fees; and,

b. Enter such other and further relief as is necessary and proper.

Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.

By: /s/ John P. Lynch
John P. Lynch, Bar No. 07433

/s/ Matthew G. Sawyer
Matthew G. Sawyer, Bar No. 20175
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
301-441-2420
*Attorneys for Plaintiff*
*Lighting Retrofit International, LLC*