IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LIGHTING RETROFIT INTERNATIONAL, LLC, | * | |
| | * | |
| Plaintiff / Counter-Defendant, | * | |
| v. | * | Civil Action No. GLR-19-2751 |
| | * | |
| CONSTELLATION NEWENERGY, INC., | * | |
| | * | |
| Defendant / Counter-Plaintiff. | * | |

\*\*\*\*\*\*

## ORDER

THIS MATTER is before the Court on Defendant / Counter-Plaintiff Constellation NewEnergy, Inc.'s ("CNE") Motion to Join Hudson Insurance Company as Counterclaim Defendant and File Amended Counterclaim (ECF No. 57). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will deny the Motion.

### I. BACKGROUND

This case arises from a dispute relating to an agreement the parties entered into under which Plaintiff / Counter-Defendant Lighting Retrofit International, LLC ("LRI"), would provide and install certain lighting and plumbing components for a project at the Federal Correctional Complex in Coleman, Florida (the "Project"). (Compl. ¶ 8, ECF No. 1). CNE was the prime contractor on the Project. (First Am. Countercl. ["Countercl."] ¶ 3, ECF No. 53).

Under its contract with CNE, LRI was responsible for completing energy cost-savings measures ("ECMs") relating to the lighting and plumbing fixtures at the facility. (Id. ¶ 7). The parties refer to the lighting part of the Project as "ECM-1" and the plumbing part of the Project as "ECM-2." (Id.). LRI alleges that it completed its work on the Project but CNE failed to timely remit payment for its services. (Compl. ¶¶ 15–16). CNE counters that LRI failed to fulfill its contractual obligations, including by failing to adhere to its warranty regarding the installation of certain high mast lighting fixtures and by failing to properly install the plumbing fixtures. (Am. Countercl. ¶¶ 15–22, 36–43).

On September 17, 2019, LRI filed suit against CNE and Liberty Mutual Insurance Co. ("Liberty"), CNE's bonding company, alleging breach of contract and various related claims. (ECF No. 1). On November 7, 2019, CNE filed an Answer and Counterclaim against LRI. (ECF No. 10). LRI filed an Answer to the Counterclaim on December 6, 2019. (ECF No. 19). On December 22, 2020, because LRI's work on ECM-2 is ongoing, the Court granted the parties' proposal to bifurcate the dispute as it related to ECM-1 and ECM-2, and to stay the dispute as to ECM-2. (ECF No. 49). On February 17, 2021, CNE submitted a consent motion to file an Amended Counterclaim, and the Court granted CNE's motion the following day. (ECF Nos. 51–53). LRI filed an Answer to the Amended Counterclaim on February 26, 2021. (ECF No. 56).

On March 24, 2021, CNE filed the instant Motion to Join Hudson Insurance Company as Counterclaim Defendant and File Amended Counterclaim (ECF No. 57). LRI filed an Opposition on April 5, 2021. (ECF No. 59). CNE filed a Reply on April 16, 2021. (ECF No. 61).

## II. DISCUSSION

### A. Standard of Review

#### 1. Rules 13 and 20

A counterclaim plaintiff may join additional parties pursuant to Federal Rule of Civil Procedure 13(h), but the joinder must also satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2). See 4 James Wm. Moore et al., Moore's Federal Practice § 20.02 (3d ed. 1999) ("Plaintiff has the burden of demonstrating that the proposed restructuring of the litigation satisfies both requirements of the permissive party joinder rule.").

Under Federal Rule of Civil Procedure 20(a)(2), the Court can permissively join defendants to an action if "(A) any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The Fourth Circuit has held "that Rule 20(a) should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Fangman v. Genuine Title, LLC, No. RDB-14-0081, 2015 WL 8315704, at *6 (D.Md. Dec. 9, 2015) (quoting Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983)).

However, "[j]oinder under the rule is only appropriate when both specific requisites are met: the claims must arise out of the same transaction, series of transactions, or occurrence, and some question of law or fact common to all parties must be present." Grennell v. W.S. Life Ins. Co., 298 F.Supp.2d 390, 397 (S.D.W.Va. 2004).

3

"There is no clear rule or generalized test in considering whether a set of facts constitute a single transaction or occurrence, and courts have generally adopted a case-by-case approach." Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc., 807 F.Supp.2d 375, 382 (D.Md. 2011). "The propriety of joinder rests within the sound discretion of the trial court." LHF Prods. v. Does 1-25, No. 16-283, 2016 WL 7422661, at *4 (E.D.Va. Dec. 22, 2016).

### 2. Rule 15

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2). "This directive gives effect to the federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)). The decision to grant leave to amend lies within the discretion of the district court. Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va., 985 F.2d 164, 167–68 (4th Cir. 1993) (citations omitted).

Leave to amend is properly denied when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)). Leave to amend is futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). In determining whether an amendment is prejudicial, the Court

considers the nature of the amendment and its timing. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). The further a case has progressed, the more likely it is that amendment will be prejudicial. Mayfield, 674 F.3d at 379.

**B.   Analysis**

As the title of its pleading suggests, CNE seeks leave to amend its Counterclaim a second time, this time to add as a counter-defendant Hudson Insurance Company ("Hudson"), the company acting as LRI's surety for the Project. (Mem. Supp. Mot. Join Hudson Ins. Co. Countercl. Def. & File Am. Countercl. ["Mot."] at 4, ECF No. 57-1). CNE asserts that it has been in discussions with Hudson since July 2019 regarding LRI's alleged failure to fulfill its duties under the contract, but Hudson has repeatedly refused to uphold its obligation as surety. (Id. at 4–5). CNE explains that it did not join Hudson sooner because it was involved in informal discussions with Hudson concerning its response until as recently as September 30, 2020, the date of Hudson's most recent refusal. (Id. at 5, 9). CNE states that if the Court denies its Motion, it will be forced to file a separate lawsuit against Hudson to seek enforcement of the bond. (Id. at 10–11). CNE asserts that such an outcome raises the prospect of inconsistent findings and an inefficient use of judicial and party resources. (Id. at 11).

LRI argues that CNE has known about Hudson's refusal to fulfill its alleged surety obligations since August 2019 and that the deadline for joinder of additional parties under the Scheduling Order was December 30, 2019. (Opp'n Mot. Join Hudson Ins. Co. Countercl. Def. & File Am. Countercl. ["Opp'n"] at 1–3, ECF No. 59). As LRI notes, "[d]epositions did not start until September 2020, some nine (9) months after the deadline.

Had CNE joined Hudson even a year after Hudson denied CNE's claim, the prejudice would have been minimal as depositions had not begun yet." (Id. at 6). LRI asserts that joining Hudson at this point would require redoing well over a dozen depositions, including 30(b)(6) designees, allowing Hudson time to review hundreds of thousands of pages of production, collectively "delay[ing] the adjudication of this case significantly." (Id. at 2–4). For its part, CNE rejects the argument that joining Hudson will require substantial additional discovery, insisting that there is no meaningful additional factual dispute Hudson will need to confront. (Reply Supp. Mot. Join Hudson Ins. Co. Countercl. Def. & File Am. Countercl. ["Reply"] at 5–6, ECF No. 61).

At bottom, the Court agrees with LRI. To be sure, as CNE points out, "[d]elay alone is an insufficient reason to deny leave to amend." Edwards, 178 F.3d at 242 (citation omitted). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." Id. (citation omitted). However, the Court will deny CNE's Motion for two reasons: (1) LRI would be prejudiced by CNE's undue delay; and (2) joining Hudson in this dispute would impede rather than advance judicial economy.

As an initial matter, the Court finds that CNE has engaged in undue delay in waiting this long to move for Hudson's joinder. In the Court's view, CNE should at the very latest have moved to join Hudson following its September 30, 2020 communication concerning its surety obligations. While a motion at that time would have occurred many months after the deadline set in the Scheduling Order, it would at least have preceded a great deal of discovery, potentially preventing the need for substantial duplicative discovery. Of course, an even more appropriate time to join Hudson would have been at the outset of the lawsuit,

at which point CNE apparently already knew that Hudson did not intend to fulfill its alleged surety obligations. While CNE endeavors to explain that the delay between August 2019 and September 2020 was caused by its ongoing efforts to persuade Hudson to change its position regarding its surety obligation, such discussions could have continued after the initiation of litigation. Moreover, CNE does not appear to have offered any explanation for the approximately six-month delay between September 2020 and its March 2021 filing; indeed, its repeated references to its July 2021 deadline for filing a claim against Hudson appear to only explain why it did not wait until an even later date to seek leave to amend.

Permitting CNE to amend its counterclaim and join Hudson at this point of the litigation will also cause a substantial delay. Discovery as to one part of this case has been closed for over a month[1] and dispositive motions have already been filed. (See ECF Nos. 64–68). Were the Court to grant CNE's Motion, Hudson would have the chance to move to dismiss the case pursuant to Federal Rule of Civil Procedure 12. If it did so, the Court would likely delay ruling on the pending cross-motions for summary judgment until it resolved that motion. If CNE's claim against Hudson survived the pleading stage, the Court would similarly delay resolution of post-discovery dispositive motions until Hudson had the chance to conduct its own ECM-1 discovery. All told, adding a party at this late stage would likely severely delay the Court's disposition of this case.

Moreover, the Court finds that LRI would be significantly prejudiced by the additional duplicative costs it would likely be forced to incur if CNE were permitted to join

---

[1] There was approximately one month of ECM-1 discovery remaining at the time CNE filed the instant Motion. (See ECF Nos. 55, 57).

Hudson at this late stage of the litigation. See Sharkey IRO/IRA v. Franklin Res., 263 F.R.D. 298, 301 (D.Md. 2009) (finding that permitting amendment may be prejudicial when it "compel[s] the non-moving party to engage in costly additional discovery"). While CNE argues that any such additional discovery burdens are "speculative," (Reply at 2), some speculation is always necessary when projecting future costs. The fact remains that Hudson is acting as a surety for a subcontract valued at over twelve million dollars, with the parties each claiming to have sustained harm valued at over two million dollars. (Compl. ¶¶ 17–19; Am. Countercl. ¶¶ 25–26, 31, 49). It stands to reason that Hudson may deem it worthwhile to gather additional information to mount a defense to CNE's allegations.

In addition, as discussed above, permitting CNE to amend its Counterclaim a second time and join Hudson will substantially prolong an already lengthy litigation, "and that itself is a burden to the litigants." Consumer Fin. Prot. Bureau v. Access Funding, LLC, No. ELH-16-3759, 2019 WL 6324532, at *14 (D.Md. Nov. 25, 2019) (citation omitted). Thus, "[a]t this late stage of the case, I am persuaded that the additional expense and inherent delay that would result from reopening discovery . . . and adding a new [counter-defendant], would prejudice defendants." Macsherry v. Sparrows Point, LLC, No. ELH-15-22, 2016 WL 8669914, at *11 (D.Md. Oct. 28, 2016).

The purpose of Rule 20(a)—"promot[ing] trial convenience and expedit[ing] the final determination of disputes," Fangman, 2015 WL 8315704, at *6 (quoting Saval, 710 F.2d at 1031)—also augurs against permitting amendment and joinder here. "Joinder under Rule 20(a) is subject to the court's discretion and can be denied if it will not

foster judicial economy or it if will cause undue prejudice or delay." I & G Invs., LLC v. Dunn, No. JKS-12-1109, 2013 WL 140860, at *2 (D.Md. Jan. 10, 2013). As set forth above, joining Hudson into this dispute would likely cause a substantial delay in a case where dispositive motions have already been filed.

Moreover, the Court does not view the apparent alternative to joinder—CNE filing a separate suit against Hudson—as likely to beget any material judicial inefficiency. Any court hearing such a case may find that judicial determinations in this lawsuit have a preclusive effect on that dispute, provided that CNE is correct concerning the factual overlap between this case and its prospective case against Hudson. If, for instance, this Court determines that LRI is not liable to CNE for its performance on the Project, such a finding may be fatal to its suit against Hudson. If the Court determines that LRI has breached its contract with CNE, such a finding may substantially narrow the scope of its dispute with Hudson. In either case, the Court does not believe that the prosecution of an additional suit against Hudson will result in judicial inefficiencies; on the contrary, the Court finds that it will likely be the most efficient way to resolve this dispute.

For these reasons, "the purposes behind Rule 20 would not be furthered [by joinder]; considering the claims asserted by [CNE] in a single action would not enhance judicial economy." Saval, 710 F.2d at 1032. Because the Court finds that LRI would be prejudiced by CNE's undue delay and that joining Hudson in this dispute would impede rather than advance judicial economy, the Court will deny CNE's Motion.[2]

---

[2] One final reason to deny CNE's Motion, unbriefed by the parties, is that adding Hudson as a counter-defendant would require amending the Scheduling Order, which,

### III.   CONCLUSION

For the foregoing reasons, it is this 8th day of June, 2021, by the United States District Court for the District of Maryland, hereby ORDERED that CNE's Motion to Join Hudson Insurance Company as Counterclaim Defendant and File Amended Counterclaim (ECF No. 57) is DENIED.

/s/
George L. Russell, III
United States District Judge

---

pursuant to Federal Rule of Civil Procedure 16, can be done "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant. Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." Rassoull v. Maximus, Inc., 209 F.R.D. 372, 374 (D.Md. 2002) (internal quotation marks and citation omitted). Here, as set forth above, CNE has not been diligent in prosecuting its claim against Hudson in compliance with the Scheduling Order, nor has it offered meaningful justifications for its delay. The Court thus finds that CNE has not provided good cause for amending the Scheduling Order, as required by Rule 16(b)(4), and will also deny the Motion on that basis.