IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **LIGHTING RETROFIT INT'L, LLC,** | * | |
| Plaintiff/Counter-Defendant, | * | |
| v. | * | Civil Case No. SAG-19-2751 |
| **CONSTELLATION NEWENERGY, INC.,** | * | |
| Defendant/Counter-Plaintiff. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant/Counter-Plaintiff Constellation NewEnergy, Inc. ("CNE") filed a motion seeking a determination that the Amended Order of Judgment this Court entered on March 28, 2023 is a final judgment, or in the alternative seeking entry of judgment under Federal Rule of Civil Procedure 54(b). ECF 149. Essentially, CNE wishes to enforce the judgment in the amount of $1,343,479.11 entered as to the first part of this case, without awaiting disposition of the second part. Plaintiff/Counter-Defendant Lighting Retrofit International, LLC ("LRI") opposes the motion, urging that this Court decline to permit CNE's collection efforts until the entire case has reached its conclusion. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, this Court will deny CNE's motion.

I.  **DISCUSSION**

The dispute between the parties arises from a "Blanket Subcontract Agreement" for work on energy cost savings measures (ECMs) at the Coleman Federal Correctional Complex in Florida. For purposes of this litigation, the parties agreed in 2020 that the litigation deadlines for the plumbing portion of the case (ECM02) should be stayed while the lighting portion of the case (ECM01) would proceed forward. ECF 48, 49. This Court conducted a bench trial in November,

2022 focused exclusively on ECM01, and concluded that CNE was entitled to judgment in its favor as to the lighting-related claims in the amount of $1,343,479.11, plus post-judgment interest. ECF 139, 145. However, the ECM02 (plumbing) side of the case remains pending. CNE seeks to have the ECM01 judgment deemed final so that it can collect without waiting for final disposition of ECM02.

"Rule 54(b) permits a district court to enter final judgment as to one or more but fewer than all claims in a multiclaim action, thus allowing an appeal on fewer than all claims in a multiclaim action." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). "Rule 54(b) certification is recognized as the exception rather than the norm." *Id.* "It should neither be granted routinely, nor as an accommodation to counsel." *Id.* (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980); *Corrosioneering v. Thyssen Env't Sys.*, 807 F.2d 1279, 1282 (6th Cir. 1986)). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)) (internal quotation marks omitted). For a court to effectuate a Rule 54(b) certification, it must engage in a two-step inquiry to (1) determine whether the judgment is final, and (2) determine whether there is "no just reason for the delay in the entry of judgment." *Id.* (internal citations omitted); *see also MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010). The relevant factors a court should consider in weighing whether there is no just reason for delay are: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same

2

issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards*, 2 F.3d at 1335-36 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

CNE's request for Rule 54(b) certification fails at both steps of the above-mentioned inquiry. With respect to finality, "[a] judgment is final for Rule 54(b) purposes when it constitutes 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Gelin v. Shuman*, 834 F. App'x 41, 43 (4th Cir. 2021) (quoting *Braswell Shipyards*, 2 F.3d at 1335). CNE's Amended Counterclaim against LRI includes a single count for breach of contract that seeks damages arising out of both lighting and plumbing work performed under the Blanket Subcontract. ECF 53, Countercl. ¶¶ 54-63. Thus, while the ECM01 and ECM02 portions of the litigation are somewhat factually distinct, this case ultimately involves a single breach of contract claim with (eventually) a single recovery. *See EMCOR Grp., Inc. v. Great Am. Ins. Co.*, 2013 WL 12243950, at *3 (D. Md. May 30, 2013) (declining to certify a partial summary judgment decision pursuant to Rule 54(b) where the plaintiff's complaint consisted of a single breach of contract claim, and where the judgment in question "did not conclusively resolve defendant's liability"). Because this Court's judgment on the lighting-related portions of the dispute did not conclusively dispose of Count I of CNE's counterclaim or resolve either party's financial obligations under the contract, that judgment is not final for the purposes of Rule 54(b).

Alternatively, CNE has failed to satisfy the five factors for establishing that there is no just reason for delay in certifying the judgment. For the first factor, as explained above, the adjudicated and unadjudicated claims arise out of a single contract and pertain to the same counts of the parties'

pleadings. Those claims are not made separable simply because they involve different evidence or distinct types of work done under the same contract. With respect to the next two factors, which focus on the mechanisms of an appeal, CNE has not indicated any desire to appeal in this matter. And if LRI eventually decides to appeal, there are certain issues that were decided in the ECM01 part of the case that may arise again in the ECM02 part of the case. Thus, allowing those issues to be adjudicated only once in the appellate court is far preferable to handling this case in a piecemeal fashion. The fourth factor, relating to any potential set-off against the judgment, weighs in LRI's favor, as there remains a dispute over a significant amount of retainage that could greatly alter the parties' financial obligations to one another. That concern outweighs CNE's simple desire to collect its monies sooner. Finally, this Court does not find that economic and solvency concerns in this case are material to its consideration, rendering this factor neutral. After weighing each of the factors, then, this Court concludes that they are either neutral or weighted against Rule 54(b) certification (or an order deeming this Court's judgments to be final). This Court continues to urge the parties to prepare the ECM02 portion of this case for prompt resolution.

## II. CONCLUSION

For the reasons stated above, this Court will DENY CNE's motion, ECF 149, to label the existing judgment "final" or to certify the ECM01 judgment under Rule 54(b). A separate Order follows.

Dated: May 19, 2023                              /s/
                                                 Stephanie A. Gallagher
                                                 United States District Judge